CASE 56—RULE ON MOTION OF HENRY STUM, &C., INFANT HEIRS OF A.
M. STUM, DECEASED, TO COMPEL THE ADMINISTRATORS OF L. H.
STUM AND EMMA STUM TO PAY INTO COURT CERTAIN SUMS RE-
CEIVED BY THEM UNDER A JUDGMENT AGAINST A. M. STUM.—
OCT. 22.

# Stum's Admr. v. Stum, &c.

APPEAL FROM OHIO CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

FINAL JUDGMENT—JUDGMENT ON RULE—RES JUDICATA.

Held: Land having been sold under a judgment, and paid for, the
judgment was afterwards vacated, a new trial ordered, the sale
set aside, and the purchaser adjudged to have a lien on the land
for the price paid. The petitioners for the new trial took out a
rule requiring a party in the action to pay into court the sum
received by him under the judgment. A demurrer to the rule
was sustained on the ground that the part of the order adjudging a
lien on the land was interlocutory, and the petitioners were not
affected thereby. HELD, That this decision, though erroneous,
was final, and effective in bar of a later rule for the same pur-
pose.

BEN D. RINGO, W. A. WICKLIFFE AND E. D. GUFFY, FOR APPEL-
LANTS.

POINTS, DISCUSSED AND AUTHORITIES CITED.

1. Administrators should file their accounts of settlement with
the county judge in the counties where they are appointed. Ky.
Stats., sec. 978.

2. Settlements of administrators are to be recorded by the
clerk when approved by the judge of the county court, and when
recorded become prima facie evidence between the parties in
interest. Ky. Stats., sec. 1076; 12 B. M., 515.

3. Where exceptions are filed in the county court an appeal
may be prosecuted to the circuit court of the county; where no
exception has been filed in the lower court, then the remedy
by suit in equity in the circuit court of the county to surcharge
the settlement. Ky. Stats., sec. 978; Scott's Heirs v. Kennedy's
Exr., 12 B. M., 515; Turley v. Barnes, 19 L. R., 1808; Belle v.
Henshaw, 91 Ky., 430.

J. S. GLENN, ATTORNEY FOR APPELLEES.

### PROPOSITIONS DISCUSSED.

1. Limitations did not run against the claim on which appel-lee recovered judgment on rule against appellant, Miller, because Miller was a party to suit for a new trial to vacate old judgment and to the actions as consolidated and was bound by the judgment in either case after the consolidation, and the court in these consolidated cases had the power to afford adequate and proper relief to all parties.

2. Even if the statute be held to apply it did not begin to run until the judgment granting a new trial was rendered, and the running of the statute was suspended, pending an appeal from that judgment, which judgment was superseded and judgment on the appeal became effective November 9, 1898, less than five years before issual of the rule complained of here was rendered. Johnson v. Barnes; 4 S. W., 176 (Ky.).

3. The plea of former adjudication can not avail, because the judgment attempted to be plead in bar was heard on demurrer and not on the merits of the case. The rule set up was issued against appellant in 1896 and was premature as appeal was taken from that judgment and supersedeas issued.

After that judgment the action was referred to a commissioner to report *de novo* on claims against A. M. Stum's estate, and Miller could not have been compelled to pay back what he had collected on alleged claims, until it had been determined that he had no valid claims against A. M. Stum's estate, and this determination or judgment was not made until after 1900.

4. The plea of the statute is insufficient because the court can not determine from the pleading when it is alleged that the statute began to run.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

A. M. Stum died intestate, a resident of Ohio county, previous to the year 1890, and D. B. Roll was appointed his administrator. Roll, as administrator, on November 5, 1891, filed a suit in the Ohio Circuit Court for the settlement of the estate. The debts were reported to be $2,194.57, and at the May term, 1892, a judgment was entered to sell the land of the intestate for the payment of the debts. The sale was made in August, 1892, L. A. McDaniel being the purchaser at the price of $2,261.02. At the following December term.

the sale was reported to the court, exceptions were filed to it, but they were overruled, and the sale was confirmed. In the meantime, on November 5, 1892, H. A. Stum, who was the guardian for two of the infant children of the intestate, filed for them in the Ohio Circuit Court a petition for a new trial in the action and to set aside the judgment entered at the May term. He made defendants to his petition D. B. Roll, who, as administrator, was plaintiff in the former suit, and .J. S. Miller, who, as administrator of L. H. Stum, had been allowed a claim of $800 by the judgment, and as administrator of Emma Stum a claim of $498. Issue was joined on the allegations of the petition in the suit for new trial, and on November 30, 1895, the case was submitted in the circuit court. The court adjudged in favor of the plaintiffs, granting a new trial. At the March term, 1896, a rule was taken out against Miller, as administrator of L. H. Stum, also as administrator of Emma Stum, to pay into court the amount he had received under the judgment which had been set aside. He filed a response to this rule, pleading, in effect, that he had been appointed by the Muhlenberg County Court; that he had settled his accounts in that court, and had paid out the amounts in his hands to the persons entitled thereto; and that his settlement had been confirmed by the court long before the rule was taken out. He also filed a demurrer to the rule. On March 21, 1896, the court sustained the demurrer to the rule, and discharged it. No ruling was made on the sufficiency of the response. On April 27, 1896, Miller, McDaniel and Roll sued out in this court an appeal from the judgment granting a new trial and setting aside the former judgment, and McDaniel and Roll executed supersedeas bonds and sued out a supersedeas, but Miller took out no super-sedeas. On May 31, 1898, the appeal was heard in this court, and the judgment appealed from was affirmed. See Roll

v. Stum, 20 R., 661, 46 S. W., 223. After the new trial was granted, litigation ensued between McDaniel, the purchaser of the land, and the infant children of the intestate, as to whether McDaniel was entitled to a lien on the land for the purchase money which he had paid, and on December 18, 1901, it was held by this court that he was entitled to a lien for his purchase money. See McDaniel v. Stum's Adm'r, 23 R., 1935, 65 S. W., 800. On June 23, 1902, the infants, by their guardian, sued out an appeal in this court from the judgment of November 30, 1895, on the ground that it was erroneous as to them in certain particulars. This appeal was heard by this court, and the judgment was affirmed on June 9, 1903. Stum v. Roll, 25 R., 208, 74 S. W., 1115. In the meantime, on May 20, 1902, another rule was taken out on the motion of the infants or their representative against Miller, as administrator, to pay into court the amounts received by him as administrator under the original judgment. In response to the rule he pleaded the judgment of the former rule in bar. He also pleaded the five-year statute of limitations, and set up, as before, that he had paid out the money in the year 1893 to the heirs and distributees of the estate, and had settled his accounts; that his settlement had been confirmed, and he had been discharged by the Muhlenberg County Court in the year 1893. The court sustained a demurrer to his response, and gave judgment against him for the money, with interest. From this judgment he appeals.

As to the plea in bar, we have had difficulty to determine just what was decided on the former rule. A judgment dismissing a proceeding on the ground that it is premature does not bar another action. On the contrary, a judgment on demurrer that certain facts do not constitute a cause of action is as effective in bar of another proceeding as a judgment where the same facts are shown by evidence on the final

hearing of the case. Freeman on Judgments, section 267. The rule was in the usual form. The judgment on the rule is in these words: "This cause having been submitted on the demurrers of defendants, D. B. Roll, administrator of A. M. Stum, deceased, and J. S. Miller, administrator *de bonis non* of the estate of L. H. Stum, deceased, and also administrator *de bonis non* of the estate of Emma Stum, deceased, to the rules herein against them, and on the motion of Henry and Annie Stum, by their guardian, H. A. Stum, for a judgment for costs on the petition for a new trial, and the court being now sufficiently advised, and being of the opinion that so much of the judgment entered herein at a former term of this court in Order Book No. 40, at page 347, as adjudges to L. A. McDaniel, the purchaser of the land heretofore sold in this action, a lien on the land for the amount of the purchase money paid by him, with interest from the date of its payment, is merely an interlocutory order, and as such is not final or conclusive as to any of the parties to this action, and this court being now of the opinion that the infant defendants herein are not affected by said part of said judgment, it is now considered and adjudged therefore, that each of said demurrers to said rules be, and the same is now hereby, sustained, and each of said rules is now discharged, and the defendants, D. B. Roll, administrator of A. M. Stum, deceased, and J. S. Miller, administrator *de bonis non* of the estate of L. H. Stum, deceased, and administrator *de bonis non* of Emma Stum, deceased, recover their cost in and about said rules expended against H. A. Stum, guardian of Henry and Annie Stum; to which said H. A. Stum, guardian as aforesaid, excepts." The power of a court of equity to compel one by rule to make restitution of money received under a judgment which has been vacated, while the action is still pending, and the parties are before

Stum's Admr. v. Stum, &c.

it, is undoubted, and the demurrer does not seem to have been
sustained by the court on but one ground, and that was that,
admitting all of the facts shown by the record, including the
receipts of the money under the judgment and its vacation,
still appellant was not liable to a rule by the infant defendants
because they were not affected by that part of the judgment.
In other words, the idea of the court seems to have been that
McDaniel had no lien on the land, and that the judgment
giving him a lien was not final, but interlocutory, and that
the infants, having gotten their land back, were not entitled
also to have the proceeds of the sale of the land, and there-
fore he discharged the rule; for, after reciting that the former
order as to McDaniel's lien on the land was not final, the
judgment reads: "And this court being now of the opinion
that the infant defendants herein are not affected by said
part of said judgment, it is now considered and adjudged,
therefore, that each of said demurrers to said rules be, and
the same is hereby, sustained," etc. The infants were seeking
relief both against McDaniel and appellant. They were not en-
titled to both the land and its proceeds. The court adjudged
them the land free of lien, and refused, therefore, to give
them a judgment against appellant for the proceeds. It was
simply a case of the plaintiffs suing two defendants and re-
covering against one, and losing as to the other. McDaniel
appealed from the judgment against him, and reversed it, but
the infants took no appeal from the judgment in favor of
appellant, and that judgment is still in force. The rule was
not dismissed because it was premature. No appeal had been
taken at the time from the judgment on which it was based,
and therefore no supersedeas was in the way. The fact that
appellant's claims had not then been finally passed on did not
give him any right to keep the money which had been paid
to him. This was not set up as a defense in the response,

and it sufficiently appears from the judgment of the court that it was not based on this ground, but on the ground that the infants had gotten the land, and could not get both the land and the purchase money. Although this judgment was erroneous, it is a final judgment, and it is none the less a bar to another rule against appellant because it was based on erroneous grounds. Appellees' remedy was by appeal. If the rule were otherwise, a new proceeding might have been instituted the next day. The court did not mean to leave the matter at large. It was not a dismissal of the rule without prejudice, but a judgment on the merits.

We therefore conclude that the judgment on the former rule is a bar to this proceeding, and the judgment is reversed, with directions to dismiss the rule.

Petition for rehearing by appellee overruled.